IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY E. RODDY,**
**also known as RUNNING COUGAR RODDY,**

      **Plaintiff,**

**v.**                                                              **Civil action no. 3:08cv61**
                                                                              **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**
**STATE OF WEST VIRGINIA DIVISION OF CORRECTIONS,**
**US DISTRICT COURT, NORTHERN DISTRICT OF WEST VIRGINIA,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

The *pro se* plaintiff, an inmate incarcerated within facilities operated by the West Virginia Division of Corrections,[1] initiated this case on March 20, 2008. On April 4, 2008, the plaintiff was granted leave to proceed *in forma pauperis*. This case is before the undersigned for initial review pursuant to LR PL P 83. 02, *et seq*., and 28 U.S.C. §1915(e) and the plaintiff's pending Motion for Summary Judgment.

**II. STANDARD OF REVIEW**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by

---

[1] At the time the plaintiff filed his complaint, he was incarcerated at the Huttonsville Correctional Center. Since then, he has been transferred to the Mount Olive Correctional Center.

1

prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 US 319, 325 (1989). However, that Court must read *pro se* allegations in a liberal fashion. Haines vs. Kerner, 404 U.S. 519, 520 (1972). A complaint filed in forma pauperis which fails to state a claim is not automatically frivolous. See, Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez. 504 U.S. 25, 32 (1992).

### III. ANALYSIS

The plaintiff's complaint has been docketed as a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. 42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

---

[2] Id. at 327.

Here, neither the United States of America, the United States District Court, nor the State of West Virginia Division are proper defendants because none is a person subject to suit under 42 U.S.C. § 1983. Therefore, if the plaintiff's sole claim was pursuant to 42 U.S.C. § 1983, it would be subject to dismissal.

However, in addition to alleged constitutional violations, the plaintiff also alleges a statutory claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000bb *et seq*. Liberally interpreted, the plaintiff, who is apparently a Native American, alleges that the Division of Corrections is imposing a substantial burden on his religious exercise. Specifically, he alleges:

1. Native Americans are only allowed one feast a year, instead of the four that their religion dictates;

2. Native Americans are not allowed to wear their religious head gear except when they are attending a service;

3. There are no representatives of the Bureau of Indian Affairs coming to the prisons, although other religious denominations have teachers coming in;

4. Native Americans are not provided with a Sweat Lodge;

5. Native Americans cannot have long hair;

6. Native Americans cannot create Native American Arts and Crafts;

7. Native Americans cannot fast without receiving a write up;

8. Native Americans cannot use their spirit name with receiving a write up; and

9. Native Americans are placed in the Special Housing Unit more often than other prisoners.

As relief, the plaintiff seeks an order directing the West Virginia Division of Corrections to abide by RLUIPA and also seeks monetary damages and release from incarceration.

RLUIPA guarantees prisoners greater freedom to engage in religious conduct than does the First Amendment. The Act prohibits the government from imposing a "substantial burden on the religious exercise" of a prisoner, unless the defendant can show that the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Cutter v. Wilkinson, 544 U.S. 709. 717 (2005) (uphlding act's constitutionality; 42 U.S.C. § 2000cc-1. "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Id. at 718.

The plaintiff's allegations are sufficient to withstand initial screening. Accordingly, the West Virginia Division of Corrections, through its Commissioner, Jim Rubenstein, should be required to answer the complaint as it relates to RLUIPA.

However, the United States cannot be sued without its consent, and consent is a prerequisite for jurisdiction. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Because sovereign immunity bars the plaintiff's claim against it, the United States should be dismissed as a defendant. Additionally, although the plaintiff has named the United States District Court for the Northern District of West Virginia as a defendant, he fails to state how this Court is responsible for any violation of the RLUIPA.[3] According, it should also be dismissed as defendant.

---

[3]To the extent that the plaintiff is attempting to charge this Court with RLUIPA violations based on rulings made in his other cases filed in this court, those actions are protected by judicial immunity. The plaintiff's first complaint was filed on October 4, 2005. See 5:05cv170. The plaintiff's second complaint was filed on November 26, 2007. See 5:07cv151. The plaintiff then filed this action, followed by a fourth complaint on July 1, 2008. See 5:08cv110.

## IV. MISCELLANEOUS MOTION

Currently pending before the court, is the plaintiff's Motion for Default Judgment. As grounds for his motion, the plaintiff alleges that he mailed copies of his lawsuit to the United States Attorney General's office when he filed his case. Because it has been more than 120 days, and no answer has been filed, the plaintiff contends that he is entitled to summary judgment. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." Here, although the plaintiff may have mailed a copy of the complaint to the United States Attorney General's office, the same does not constitute service on the defedants.[4] The plaintiff's motion to proceed *in forma pauperis*, according he will be entitled to service of process by the United States Marshal Service. Until that occurs, the remaining defendant has not been served with a copy of the complaint, and accordingly, no answer is required at this time. Therefore, the plaintiff's motion for default is premature and should be dismissed

## VI. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this action be **DISMISSED WITH PREJUDICE** against the United States of America and the US District Court, Northern District of West Virginia. for failure to state a claim upon which relief can be granted. In addition, to the extent that the plaintiff's complaint alleges a cause of action against the State of West Virginia Division of Correction pursuant to 42 U.S.C. § 1983, the same should be **DISMISSED WITH PREJUDICE.** It is further recommended that the plaintiff's Motion for Summary Judgment (Doc.

---

[4]The State of West Virginia Division of Corrections, the only proper defendant in this matter, would not be represented by the United States Attorney General's Office.

5

16) be **DENIED**. However, the West Virginia Division of Corrections, through its Commissioner, Jim Rubsenstein, should be made to answer the plaintiff's complaint as to alleged violations of the RLUIPA.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: November 7, 2008.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE